**NOT FOR PUBLICATION**

**FILED**

## UNITED STATES COURT OF APPEALS

AUG 4 2025

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6145 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-05335-RJB-1 |
| v. | |
| IOVANNY CASTRO-CAMACHO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted July 8, 2025
Seattle, Washington

Before: HAWKINS, CLIFTON, and BENNETT, Circuit Judges.

Iovanny Castro-Camacho appeals from the district court's denial of his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for

compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review for abuse of discretion a district court's decision on a motion for a sentence reduction under § 3582(c)(2) and a motion for compassionate release under § 3582(c)(1). *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). We review de novo the interpretation and application of the Sentencing Guidelines. *United States v. D.M.*, 869 F.3d 1133, 1138 (9th Cir. 2017).

1. When the U.S. Sentencing Commission amends the Guidelines and makes it retroactive, a district court can reduce a defendant's sentence based on that amended provision, pursuant to 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). Any reduction, however, must be consistent with the policy statement at U.S. Sentencing Commission Guidelines Manual (U.S.S.G.) § 1B1.10. *Id.* It permits district courts to modify a sentence to be within the newly applicable range, but only if the new term would not be "less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).[1]

That policy statement precludes a reduction of Castro-Camacho's sentence. After his sentencing, the Commission enacted the zero-point offender reduction, which permits a two-level reduction for certain defendants—like Castro-Camacho—without criminal-history points. *See id.* § 4C1.1; *see also*

---

[1] The only time a court may depart below the amended range is if a defendant offered "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). That exception is inapplicable here.

*id.* § 1B1.10(d) & cmt. n.7 (explaining that the zero-point offender reduction can be retroactively applied). Had that provision been in effect at the time of Castro-Camacho's sentencing, his offense level would have been lowered by two, from 28 to 26, and his Guidelines range would have been 63 to 78 months. But the district court here imposed a sentence of 60 months—a term already three months *below* the amended range. Any further reduction would drop the sentence to "less than the minimum of the amended guideline range," violating the policy statement. *Id.* § 1B1.10(b)(2)(A).

Castro-Camacho argues that § 3582(c)(2) requires the district court to correct its earlier error, namely, the omission of a two-level deduction for Castro-Camacho's minor role under U.S.S.G. § 3B1.2(b). As the policy statement makes clear, however, the district court "shall substitute *only* the amendments" that are retroactively applicable, "leav[ing] *all* other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1) (emphases added). Indeed, in *Dillon v. United States*, the Supreme Court rejected a similar attempt by a defendant to use a § 3582(c)(2) motion to "correct two mistakes in his original sentence." 560 U.S. at 831. The Court observed that § 3582(c)(2) authorized not a "plenary resentencing" but "a limited adjustment to an otherwise final sentence." *Id.* at 826. Like in *Dillon*, "the aspects of his sentence that [Castro-Camacho] seeks to correct . . . are

outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them." *Id.* at 831.

2.   On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for "extraordinary and compelling reasons" that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, No. 24-3093, 2025 WL 2026172, at *1–2 (9th Cir. July 21, 2025). That policy statement identifies specific circumstances that satisfy the "extraordinary and compelling" bar, like when the defendant has a terminal illness, has certain serious family circumstances, or is a victim of abuse by a prison official. *See* U.S.S.G. § 1B1.13(b). "[A]ny other circumstance" may also qualify for relief, but only if it is "similar in gravity" to those delineated. *Id.* § 1B1.13(b)(5). It is this catch-all exception that Castro-Camacho relies on.

The district court did not abuse its discretion by concluding that Castro-Camacho did not qualify for relief under that exception. The court reasonably concluded that its sentencing error, while unfortunate, was not of the same gravity as the circumstances delineated in the policy statement.

For purposes of his compassionate-release motion, it is irrelevant that Castro-Camacho would now qualify for the zero-point offender reduction. The policy statement explains that changes in law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," *id.*

§ 1B1.13(c), unless the defendant received an "unusually long sentence" and has served at least ten years, *id.* § 1B1.13(b)(6). Castro-Camacho—whose entire sentence is five years—does not qualify.

Because we conclude that Castro-Camacho does not qualify for a sentence reduction or for compassionate release, we do not reach the § 3553(a) factors. *See Dillon*, 560 U.S. at 826 (explaining that, on § 3582(c)(2) motions, courts must consider the Commission's policy statements before weighing the § 3553(a) factors); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam) (explaining that courts denying "compassionate release need not evaluate each step").

**AFFIRMED.**